UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|                                    |   |                          |
|------------------------------------|---|--------------------------|
| MICHAEL BLEDSOE,                   | ) |                          |
|                                    | ) |                          |
| Petitioner,                        | ) |                          |
|                                    | ) |                          |
| v.                                 | ) | No. 4:11-cv-02210-JAR    |
|                                    | ) |                          |
| JAMES HURLEY[1],                   | ) |                          |
|                                    | ) |                          |
| Respondent.                        | ) |                          |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Michael Bledsoe's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 8) and Petitioner replied (Doc. 10).[2] For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED**.

### I. Introduction and Background

On July 13, 2007, a jury found Petitioner guilty of one count of forcible rape (Count I), kidnapping (Count II), two counts of domestic assault in the second degree (Counts III & IV), and one count of domestic assault in the third degree (Count V) (Ex. C at 114-123). The trial court sentenced Petitioner to 10 years on Count I to be served consecutively to the sentences for Counts II-V, five years, five years, five years, and one year respectively, which are to be served concurrently (Ex. C at 130-134). The Court will address the specific facts of the case where

---

[1] Petitioner is incarcerated at Northeast Correctional Center ("NECC") in Bowling Green, Missouri (Doc. 12). James Hurley is the current Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

[2] Both Petitioner and Respondent have filed briefs not in compliance with this District's Local Rules. *See* E.D. Mo. L.R. 4.01(D) ("No party shall file any motion, memorandum or brief which exceeds fifteen (15) numbered pages . . . without leave of the Court.") The Court will overlook the error in this case and suggests that the Parties follow the Rules in any future briefs before this Court.

necessary in the analysis section.

Petitioner filed a direct appeal raising two claims:

(1) The trial court erred in overruling his motion for judgment of acquittal at the close of all evidence and in entering judgment and sentence because the State did not prove beyond a reasonable doubt that Appellant had sex with K.W. by the use of forcible compulsion as K.W. only testified that they had sex and did not testify that Appellant used forcible compulsion; and

(2) The trial court plainly erred in failing to grant a mistrial after the prosecutor characterized Appellant's exercise of his right to a trial as an aggravating circumstance.

(Ex. E). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the judgment (Ex. G).

On January 23, 2009, Petitioner filed a motion for post-conviction relief (Ex. I at 3-28). On June 22, 2009, with the assistance of counsel, Petitioner filed an Amended Motion (Ex. I at 36-56). Following an evidentiary hearing held on March 25, 2010 (Ex. I at 59), the circuit court denied Petitioner's motion on March 29, 2010 (Ex. I at 60-65).

Petitioner appealed the denial, raising two points:

(1) The Motion Court erred in denying his post-conviction motion because he proved by a preponderance of the evidence that his trial counsel was ineffective for failing to offer an instruction for the lesser-included offense of felonious restraint to the kidnapping charge; and

(2) The Motion Court erred in denying his post-conviction motion because he proved by a preponderance of the evidence that trial counsel was ineffective for purposefully discriminating against the female members of the venire panel.

(Ex. J). On June 7, 2011, the Missouri Court of Appeals for the Eastern District affirmed the Circuit Court's denial of the motion (Ex. M).

On July 27, 2011, Petitioner filed a Motion for DNA testing pursuant to Mo. Rev. Stat. § 547.035 (Ex. N). The Motion Court denied his request on August 4, 2011 (Ex. N). The Docket reflects that Petitioner filed a Notice of Appeal on August 17, 2011 (Ex. N). The record is unclear as to whether the Appellate Court reviewed this claim.

On December 19, 2011, Petitioner filed the instant Section 2254 petition in which he raises the following eight grounds for relief:

(1) The trial court erred because the state did not prove beyond a reasonable doubt that Petitioner had sex with K.W. by the use of forcible compulsion (Doc. 1 at 6);

(2) The trial court erred in failing to grant a mistrial after the state improperly argued in closing that Petitioner should take accountability, not put K.W. through a trial, throw himself on the mercy of the court, be a decent man, and try not to weasel out of this (Doc. 1 at 6);

(3) Trial counsel was ineffective for failing to offer the lesser included offense instruction for the class C felony of felonious restraint (Doc. 1 at 7);

(4) Trial counsel was ineffective for failing to object to the state proceeding against Petitioner on the charge of domestic assault in the third degree (Count V) (Doc. 1 at 7);

(5) Trial counsel was ineffective for proceeding with a strategy to obtain an all-male jury to decide Petitioner's case even though such a strategy was in violation of the Equal Protection Clause of the United States Constitution (Doc. 1 at 8);

(6) Trial counsel was ineffective for failing to present evidence of the DNA analysis results as it related to the forcible rape charge (Doc. 1 at 9);

(7) Trial counsel was ineffective for failing to question K.W. and Petitioner about group sexual activity that took place the night before the fight at K.W.'s house (Doc. 1 at 9); and

(8) The Motion Court erred in denying Petitioner's Motion for DNA testing pursuant to § 547.035, without a hearing (Doc. 1 at 10).

## II.  Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). " 'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.' " *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

A. **Procedural Issues**

Grounds 2, 4, 5, 6, 7, and 8 must be dismissed for procedural reasons. A habeas

petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. Before seeking habeas relief, a petitioner is required to bring his claims through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the State courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), *see also* 28 U.S.C. § 2254(c). Because Petitioner has failed to bring Grounds 4, 6 and 7 through the applicable state review process, they must be dismissed.

Grounds 2 and 5 are procedurally barred. In Ground 2, Petitioner argues that the trial court erred in failing to grant a mistrial after the state improperly argued in closing that Petitioner should take accountability, not put K.W. through a trial, throw himself on the mercy of the court, be a decent man, and try not to weasel out of this (Doc. 1 at 6). The Missouri Court of Appeals for the Eastern District found that Petitioner failed to raise this issue in his motion for new trial (Ex. G at 8). The Appellate Court reviewed the ground for plain error, determining that "the trial court cured any alleged error when it instructed the jury to disregard the prosecutor's comments that Appellant should take accountability" and that "the evidence of Appellant's guilt[] was overwhelming and he has not demonstrated that the prosecutor's remarks had a decisive effect on the jury's determination of guilt" (Ex. G at 9-10). The Appellate Court's review of this ground for plain error does not cure the procedural defect. *Clark v. Bertsch*, No. 13-3379 (8th Cir. 2015) (holding that *Hayes* governs in the Eighth Circuit and therefore "a federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error.") The Court is unable to review the claim unless Petitioner can demonstrate cause for the default. In this case, Petitioner has not provided any

cause for his failure to comply with state procedural requirements.

In Ground 5, Petitioner asserts that trial counsel was ineffective for proceeding with a strategy to obtain an all-male jury to decide Petitioner's case even though such a strategy was in violation of the Equal Protection Clause of the United States Constitution. Although Petitioner brought Ground 5 before the Motion Court and also appealed the Motion Court's denial of this Ground, the Appellate Court found that improper jury selection could not be raised for the first time in a Rule 29.15 proceeding (Ex. M at 7). Therefore, the Court must deny this Ground unless Petitioner can demonstrate cause to excuse the default. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007).

As cause for the default, Petitioner alleges that his appellate counsel was ineffective for failing to raise this claim on direct appeal (Doc. 1 at 8). In support of his assertion, Petitioner attaches as Exhibit A, a letter from his Appellate Counsel indicating that that Appellate Counsel would not be raising the claim, "because it was your attorney that struck all women. I can't raise a claim of error where your attorney made the choice" (Doc. 10 at 53). However, applying *Strickland* in the alternative, the Appellate Court found that Petitioner was not prejudiced by being tried by an all-male jury (Ex. M at 8). This Court concurs. Petitioner provides the Court with little more than "the outcome of Mr. Bledsoe's trial would have been different" which is insufficient to establish prejudice (Doc. 1 at 8). There is nothing in the record to suggest that the selection of the all-male jury in any way prejudiced Petitioner. Accordingly, Ground 5 must be denied both as procedurally defaulted and meritless.

Ground 8 is not subject to review and must be deleted. In Ground 8, Petitioner asserts that the Motion Court erred in denying Petitioner's Motion for DNA testing pursuant to § 547.035, without a hearing. On July 27, 2011, Petitioner filed a Motion for DNA testing

pursuant to Mo. Rev. Stat. § 547.035 (Ex. N). The Motion Court denied his request on August 4, 2011 (Ex. N). The Docket reflects that Petitioner filed a Notice of Appeal on August 17, 2011 (Ex. N). The record is unclear as to whether the Appellate Court reviewed this claim. The Respondent indicates that this claim may not be exhausted (*See* Doc. 8 at 37-39). Petitioner appears to have attached an "forma pauperis affidavit" to his second notice of appeal that could plausibly be considered a pro se motion for leave to appeal in forma pauperis. This potential motion has not yet been addressed by the Motion Court. Further, in his traverse, Petitioner requests that the Court delete this claim from his petition. The Eighth Circuit is clear, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005). Therefore, the Court will delete Ground 8 and not review it.

Accordingly, Grounds 2, 4, 5, 6, and 7 will be dismissed with prejudice as procedurally defaulted and Ground 8 will be deleted.

**D.      Ground 1: Forcible Compulsion**

In Ground 1, Petitioner asserts that the trial court erred because the state did not prove beyond a reasonable doubt that Petitioner had sex with K.W. by the use of forcible compulsion (Doc. 1 at 6). The Appellate Court determined that "[u]nder the totality of the circumstances, there was sufficient evidence for a reasonable trier of fact to find that Appellant used forcible compulsion to have sexual intercourse with K.W. by exerting physical force sufficient to overcome K.W.'s reasonable resistance" (Ex. G at 7). The specific factors considered by the Appellate Court were as follows:

(1) Petitioner was approximately nine inches taller and 100 pounds heavier than K.W.;

(2) K.W. had serious health conditions and had just recently been released from the hospital;

(3) Petitioner locked K.W. inside the house and severely beat her for almost three hours preceding the sexual assault;

(4) Petitioner broke K.W.'s bones, bit through one of her arteries, choked her, gashed her head open with a bottle and knocked her unconscious, caused internal bleeding, and bruised and scratched her;

(5) Petitioner thereafter ordered K.W. to clean up the "bloody mess" throughout the house;

(6) K.W. told him she was unable to clean up the house and that if he was planning on killing her, he should just finish the job;

(7) Petitioner thereafter ordered her to "get the lotion" and had sex with her; and

(8) K.W. testified that she could not move during the act.

(Ex. G at 7). The Appellate Court also found that by locking K.W. in the house, the Petitioner made "an implied threat that any resistance by K.W. would be followed by further beating" and that this beating would result in death, serious physical injury, or kidnapping (Ex. G at 8). Therefore, the Appellate Court denied this point on appeal.

Petitioner asserts that K.W. only testified that they had sex and never testified that Petitioner used force against her or made a threat, express or implied, that placed her in reasonable fear of death, serious physical injury or kidnapping (Doc. 1 at 6). Respondent argues that the evidence demonstrated that Petitioner repeatedly assaulted K.W. prior to engaging in sexual intercourse with K.W. and therefore a rational jury could infer that Petitioner's conduct in assaulting K.W. qualified as forcible compulsion as that term is defined by Missouri law (Doc. 8 at 3). In his reply, Petitioner asserts that he and K.W. were in an ongoing intimate sexual relationship (Doc. 10 at 5). He directs the Court to the Trial Transcript, Page 181, wherein K.W.

testifies that she lied down on the bed; Petitioner asked her to get some lotion, told her that he loved her and had vaginal intercourse with her (Ex. A at 181). Petitioner further notes that he did not testify they had sex (Ex. A at 300-302) (testifying that they went to sleep together). Petitioner also directs the Court to the trial court's determination not to admit K.W.'s affidavit of no prosecution (Ex A. at 143-144).

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is . . . whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 339 n.16. Under Missouri law, "A person commits the crime of forcible rape if such person has sexual intercourse with another person by the use of forcible compulsion." MO. REV. STAT. § 566.030(1) (2006). "Forcible compulsion means either (a) Physical force that overcomes reasonable resistance; or (b) A threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person." MO. REV. STAT. § 556.061 (2014).

"Physical force is simply force applied to the body. The force involved need not come after the victim has physical resisted. Rather, the force used must be calculated to overcome the victim's resistance." *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). "In determining if the force used is sufficient to overcome reasonable resistance, the court does not look to any single fact but to the totality of the circumstances." *Id.* at 109. The Missouri Supreme Court lists several factors to consider, including: (1) whether violence or threats precede the sexual act; (2) the relative ages of the victim and accused; (3) the atmosphere and

setting of the incident; (4) the extent to which the accused was in a position of authority, domination, and control over the victim; and (5) whether the victim was under duress. *Id.* Forcible compulsion can also be a threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person. MO. REV. STAT. § 556.061 (2014).

The Appellate Court's decision is not contrary to or an unreasonable application of federal law. Although the Appellate Court did not cite to *Jackson*, it considered whether there was sufficient evidence for a reasonable trier of fact to find that Appellant used forcible compulsion to have sexual intercourse with K.W. In so-doing, the Appellate Court considered many of the factors identified by the Missouri Supreme Court in *Vandevere*. Although Petitioner urges the Court to consider K.W.'s testimony that they had sex, his testimony that they only fell asleep together, and K.W.'s affidavit of no prosecution, these items do not evidence that the Appellate Court unreasonably applied the relevant law. Accordingly, Ground 1 is denied.

### E. Ground 3: Lesser Included Offense

In Ground 3, Petitioner asserts that trial counsel was ineffective for failing to offer the lesser included offense instruction for the class C felony of felonious restraint (Doc. 1 at 7). In order to state a claim of ineffective assistance of trial counsel, Petitioner must meet the *Strickland* standard: Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly

deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted).

The Motion Court determined that "[t]he decision whether to request a lesser-included offense instruction is a tactical decision . . . and [counsel] offered a valid strategic reason for not requesting the instruction" (Ex. I at 63). Further, the Motion Court indicated that felonious restraint is not a lesser included offense of kidnapping (Ex. I at 63). The Appellate Court upheld the Motion Court's decision. The Appellate Court found both that felonious restraint is not a lesser included offense to kidnapping and therefore to instruct upon it would have been improper (Ex. M at 5). The Appellate Court also concluded that counsel's decision not to offer a lesser included instruction was based on reasonable trial strategy; counsel testified that he did not offer the instruction because he did not think that the evidence was sufficient for the jury to find Petitioner guilty on the kidnapping charge and was concerned that the jury would find it more palatable to find him guilty of a lesser included offense (*Id.*).

The Motion Court reasonably applied state law that parallels the *Strickland* framework and the Appellate Court reasonably applied *Strickland*. Counsel's decision not to offer the lesser included offense instruction for the class C felony of felonious restraint was a reasonable trial strategy given counsel's belief that the jury would not find Petitioner guilty on the kidnapping charge and may find a lesser charge more palatable and perhaps convict on that charge. Further, felonious restraint is not a lesser included offense to kidnapping and would therefore have been improper to present to the jury. *See United States v. Herron*, 539 F.3d 881, 886-87 (8th Cir. 2008) (detailing the requirements necessary to submit a less-included offense instruction).

Accordingly, the Court finds that neither state court issued a decision that was contrary to or an unreasonable application of federal law. Therefore, Ground 3 is denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Michael Bledsoe's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 27th day of March, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE